UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES HOSKINS,

                              Plaintiff,

         v.                                              Case No. 20-cv-619-pp

HOUSE OF CORRECTION

                              Defendant.

**ORDER REQURING PLAINTIFF TO SUBMIT CERTIFIED COPY OF HIS
TRUST ACCOUNT STATEMENT, DENYING MOTION FOR SUMMARY
JUDGMENT (DKT. NO. 14) AND GRANTING MOTION FOR STATUS REVIEW
(DKT. NO. 15)**

On April 16, 2020, the plaintiff filed a complaint alleging the defendant

violated his civil rights; it appears that he was in the Milwaukee County House

of Corrections at the time. Dkt. No. 1. He did not submit the $350 civil filing

fee, nor did he file a request to proceed without prepaying that fee. The clerk's

office mailed the plaintiff a letter informing him that if he wanted to proceed

without prepaying the filing fee, then within twenty-one days of the date of the

letter, he had to file a petition to do so, along with a certified copy of his

institutional trust account statement for the six months preceding the filing of

his lawsuit. Dkt. No. 2. The letter also asked the plaintiff to submit the

consent/refusal form for magistrate judge authorization. Id. On April 29, 2020,

the plaintiff submitted a motion for leave to proceed without prepaying the

filing fee, dkt. no. 4, and the consent/refusal form, dkt. no. 5.

1

On May 11, 2020, the clerk sent a second letter requesting a copy of the plaintiff's institutional trust account statement. Dkt. No. 6. This letter warned the plaintiff that he must submit the certified institutional trust account statement within twenty-one days of the date of the letter and that failure to do so could result in the court dismissing the case. Id. This letter was returned to the court as undeliverable on May 21, 2020. Dkt. No. 7.

Yet on June 3, 2020, the court received from the plaintiff a motion to amend his complaint, along with a proposed amended complaint. Dkt. No. 8. He had dated the motion May 30, 2020 and indicated that he was still in the House of Corrections. Id. The same day, the court received a letter from the plaintiff, indicating that his address had changed to 949 N. 9th Street in Milwaukee, which is the address of the Milwaukee County Jail. Dkt. No. 9. The clerk's office re-mailed to the plaintiff at the jail the second letter, telling him that the court needed his trust account statement.

On June 11 and June 15, 2020, the court received letters from the plaintiff, asserting that he had only just received the clerk's May 11 letter and saying that he believed that his mail was being tampered with. Dkt. Nos. 10, 11. He did not mention his trust account statement. On June 18, 2020, the court received from the plaintiff an affidavit in support of an amended complaint (he has not asked for permission to file an amended complaint), discussing events that happened on June 1, 2020 (long after the events he described in his original complaint). Dkt. No. 12.

2

On June 18, 2020, the court received from the plaintiff a *second* motion to proceed without prepaying the filing fee. Dkt. No. 13. Again, however, the plaintiff failed to provide a copy of his trust account statement.

On July 13, 2020, the court received from the plaintiff a motion for summary judgment. Dkt. No. 14. He argued that the defendants had not responded to his lawsuit. Id. at 1. Finally, on July 23, the court received from the plaintiff a request for a status review in this case, as well as in Case No. 20-cv-851.[1] Dkt. No. 15.

The court cannot take any action in the plaintiff's case until he has provided the court with his trust account statement for the six months preceding the date he filed his complaint—that is, for the months of October 2019 through March 2020. Until the court receives the trust account statement, it cannot assess whether the plaintiff owes an initial partial filing fee, which means that it can't rule on the plaintiff's motions to proceed without prepaying the filing fee, or rule on his other motions.

The court will deny the plaintiff's motion for summary judgment. He is right that the defendants have not responded to his lawsuit. That is because the defendants do not know that he has sued them. The law requires a court to

---

[1] Nothing has happened in Case No. 20-cv-851 for the same reason nothing has happened in this case. On July 21, 2020, the clerk's office sent the plaintiff a second notice telling him to send the court his certified trust account statement. Hoskins v. Milwaukee County Jail, 20-cv-851-pp. The court has not yet received that trust account statement, and it will not take action in that case until it does.

3

"screen," or review, a complaint filed by an inmate who is suing government officials for damages. When the court screens the complaint, it decides whether the plaintiff has stated any claims that a federal court can resolve, and against whom. If the court finds that the complaint states a claim, it will have the complaint served on the defendants and will require them to answer.

None of that has happened in this case, because the plaintiff has not provided the court with his trust account statement. The plaintiff's motion for summary judgment is premature because the defendants have not been served, because the court has not screened the complaint, because the plaintiff has not provided his trust account statement.

The court will give the plaintiff a final opportunity to submit the certified copy of his institutional trust account statement or a written statement explaining why he cannot do so. If the plaintiff does not provide the trust account statement in time for the court to receive it by the deadline the court sets below, the court will dismiss the plaintiff's complaint for failure to comply with the court's order.

The court **ORDERS** that the plaintiff must file a certified copy of his trust account statement covering the six-month period preceding the filing of his complaint, or a written explanation of why he cannot do so, in time for the court to receive it by the end of the day on **August 21, 2020**. If the court does not receive the trust account statement or the written explanation by the end of

4

the day on August 21, 2020, the court will dismiss the case for failure to comply with the court's order.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for summary judgment. Dkt. No. 14.

By this order, the court **GRANTS** the plaintiff's motion for the status of the case. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 27th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**

5