JAMES HOSKINS,

        Plaintiff,

  v.                                      Case No. 20-cv-619-pp

HOUSE OF CORRECTION,

        Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO FILE CERTIFIED TRUST ACCOUNT STATEMENT

    Plaintiff James Hoskins is no stranger to federal court. Between June 2002 and August 2006, he filed seven cases in the Eastern District of Wisconsin. In at least two of those cases—<u>Hoskins v. Jenkins, et al.</u>, 06-cv-867 (E.D. Wis.) and <u>Hoskins v. TCF Bank</u>, 06-cv-868 (E.D. Wis.)—the plaintiff filed motions to proceed without prepaying the filing fee and provided the court with his prisoner trust account statements. He is familiar with that process.

    On April 16, 2020, while he was in custody at the Milwaukee County House of Correction, the plaintiff filed a lawsuit against that institution. Dkt. No. 1. He said he was filing a "motion for habeas corpus" on several grounds, including violations of the Constitution and 42 U.S.C. §1983, the federal civil rights statute. <u>Id.</u> at 1. He asserted that the HOC was violating the Wisconsin governor's order requiring people to practice social distancing, placing him at risk from COVID-19; that the HOC was inaccurately reporting the number of people in the facility who were infected; that he was being denied library,

recreation and legal copies, as well as mental health and medical services; that he was charged for dental services he didn't receive; that the menu in the facility never changed and that the food often was spoiled; that the food in the canteen was overpriced; and that he was being forced to use a paper mask made in China and to wear the same one every day. Id. at 1-5. He sought immediate release from custody, to be "restored to proper medical and mental health," to have the HOC held accountable for its wrongs, to be protected from retaliation by HOC officers (who were reading his legal copies) and for money damages. Id. at 4-6.

The same day, the clerk of court sent the plaintiff a letter, explaining that he needed file his form indicating whether he agreed to a magistrate judge deciding his case and that he needed to either to pay a filing fee of $400[1] or file a request to proceed without prepaying the filing fee "together with a certified copy of your institutional trust account statement for the past six months."[2] Dkt. No. 2. The letter gave the plaintiff twenty-one days either to pay the filing

---

[1] The plaintiff did not use an official court form to file his lawsuit. The court has one form for petitioners seeking a writ of *habeas corpus* (asking to be released from custody) and another for plaintiffs suing for civil rights violations (asking for money damages). The filing fees are different—the filing fee for a *habeas* petition is $5.00, while the filing fee for a civil rights claim for damages is $350 plus a $50 administrative fee. The plaintiff did not use either official form, and he asked for *both* forms of relief—immediate release under *habeas corpus* and damages under 42 U.S.C. §1983. The clerk's office assumed the plaintiff meant to file a damages claim under 42 U.S.C. §1983, so it informed him that he owed the $400 fee for filing a civil rights case.

[2] The trust account statement is required so that the court may calculate the amount of the initial partial filing fee required under the Prison Litigation Reform Act, 28 U.S.C. §1915(a)(1).

2

fee or file the request. Id. Two weeks later, the court received from the plaintiff a Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee. Dkt. No. 4. The form indicated that the plaintiff had "very little funds" and that he would need housing once he was released, so he needed "all funds left in [his] jail account." Id. at 4. At the bottom of this form, the plaintiff wrote, "P.S. I've requested trust fund account from HOC as of date not received. J.H." Id. The same day, the court received the plaintiff's form indicating whether he agreed to the magistrate judge deciding his case. Dkt. No. 5.

By May 11, 2020, the clerk's office had not received the plaintiff's certified trust account statement, so it sent the plaintiff a second letter. Dkt. No. 6. On May 21, 2020, however, the second letter was returned to the clerk of court as undeliverable and unable to forward. Dkt. No. 7.

On June 3, 2020, the court received from the plaintiff a motion, indicating that he wanted to "join" to his "Title 42 Section 1983 federal law suit" several new claims against the House of Correction and individual defendants. Dkt. No. 8. The clerk's office docketed the filing as a motion to amend the complaint. The last page of the document indicated that the plaintiff had signed it on May 30, 2020. Id. at 6. The first page stated that the plaintiff still was in the House of Correction. Id. at 1. The same day, however, the court received a notice of change of address, indicating that the plaintiff was at the Milwaukee County Jail on North 9th Street. Dkt. No. 9. Given this, on June 3, 2020, the clerk's office mailed to the plaintiff at the Milwaukee County Jail

another copy of the second letter requesting the certified trust account statement.

On June 5, 2020, the court received a second complaint from the plaintiff, this time naming the Milwaukee County Jail as a defendant. Hoskins v. Milwaukee County Jail, 20-cv-851-pp. Again, the plaintiff did not send a filing fee or a motion to proceed without prepaying the filing fee, and did not provide the court with a trust account statement. On June 8, 2020, the clerk's office sent the plaintiff a letter giving him twenty-one days to file the trust account statement. Id. at Dkt. No. 2. On June 17, 2020, the court received from the plaintiff a Prisoner Request to Proceed In District Court Without Prepaying the Full Filing Fee. Id. at Dkt. No. 4.

The plaintiff attached some documents to this motion. One of those documents is an inmate grievance form for the Milwaukee County Jail dated June 1, 2020. Id. at Dkt. No. 4-1 at 1. In the grievance, the plaintiff asserted that he made a purchase from "Armark" at the House of Correction "date of purchase 5/7/20 Price $83.38," and complained that he had not received that purchase. Id. He also complained that "HOC has not returned my funds from canteen purchase that I never received." Id. He also included a second grievance, also dated June 1, 2020, in which he asserted that he was released from the House of Correction on a bracelet on May 13, 2020, but that as he was driving himself to a doctor's appointment on May 20, 2020, he was pulled over and taken into custody; he asked to have the bracelet restored. Id. at Dkt. No. 4-1 at 2.

4

On June 9, 2020, the court received a *third* complaint from the plaintiff. Hoskins v. Milwaukee County Jail, Case No. 20-cv-874 (E.D. Wis.) As with the prior two complaints, the plaintiff did not send a filing fee or a request to proceed without paying one, and did not provide a certified trust account statement. The clerk sent him the usual letter the same day. Id. at Dkt. No. 2.

Meanwhile, on June 15, 2020, the court received a document from the plaintiff in *this* case; he had dated the document June 9, 2020. Hoskins v. House of Correction, Case No. 20-cv-619 at Dkt. No. 11. The plaintiff said that at 3:58 a.m. on Tuesday, June 9, 2020, he'd received the May 11, 2020 second letter from the clerk's office telling him he needed to file his trust account statement (the letter the clerk had re-sent on June 3, 2020), and he asserted that the envelope had been opened and resealed with clear tape. Id. at 1. He claimed that his mail had been tampered with, and that officers of the Milwaukee County Jail were in league with officers at the House of Correction in a conspiracy to violate his rights. Id. at 1-2. He said he feared for his safety and begged the court to remove him from the jail. Id. at 3. He included with this motion a copy of a memo dated June 9, 2020; it appears to be a memo from him to Inmate Accounts, asking that a certified copy of his trust account statement be sent to the court. Dkt. No. 11-1.

On June 18, 2020—two months after the plaintiff filed his lawsuit—the court received from him another Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee. Dkt. No. 13. On this last page of *this* motion, the plaintiff stated that

> I have worked all the days of my life. I am currently disabled. I lost my home last year 3035 N. 8th Milw. due to a fire I had no insurance. I currently live in a rooming house. Rent is due. I've been told to remove my belongings because I could not make last months rent due to incarceration.

Id. at 4. The document was dated June 15, 2018. Id.

On July 21, 2020, the clerk's office sent the plaintiff a second notice to file his trust account statement in Case No. 20-cv-851. Hoskins v. Milwaukee County Jail, Case No. 20-cv-851 at Dkt. No. 5. Two days later, the court received from the plaintiff a request for the status on Case Nos. 20-cv-619 and 20-cv-851. Id. at 6.

On July 27, 2020—over three months after the plaintiff filed this lawsuit, five months after the date he reported he went into custody at the HOC and a month and a half after he'd filed two additional lawsuits without providing his trust account statement—the court issued an order in this case, telling the plaintiff that if he did not provide the court with a copy of his trust account statement in time for the court to receive it by the end of the day on August 21, 2020 (or an explanation of why he had not done so), the court would dismiss his case for failure to comply with the court's order. Hoskins v. House of Correction, Case No. 20-cv-619 at Dkt. No. 4.

On August 4, 2020, the court received from the plaintiff a letter dated July 24, 2020 in Case No. 20-cv-851, stating that he was "in receipt" of the clerk's office's "request for trust fund account." Hoskins v. Milwaukee County Jail, Case No. 20-cv-851 at Dkt. No. 7. He claimed to have received the clerk's office's notice on July 23, 2020 and said "[t]his is the first notice I received." Id.

He indicated that he had enclosed the "latest said copy"—presumably of his trust account statement. Id. No trust account statement was enclosed.

On August 11, 2020, the court's July 27, 2020 order to show cause was returned to the court with a statement that the plaintiff was no longer in the Milwaukee County Jail. The court has received no updated address from the plaintiff, and it has not received a trust account statement.

As the court noted at the outset, the plaintiff is familiar with the need to file trust account statements—he did so in at least two cases he filed in 2006. Throughout this and the two subsequent cases, the clerk's office has advised the plaintiff that he needed to file a trust account statement covering the six months prior to April 2020 (the month he filed the lawsuit). This court's July 27, 2020 order—the one that got returned on August 11, 2020—said that the plaintiff needed to provide the court with a trust account statement for the months of October 2019 through March 2020; that would have been the six-month period before his lawsuit. Dkt. No. 16 at 3. The clerk's letters and the court's order required a *six-month* trust account statement because that is what the Prison Litigation Reform Act requires. See 28 U.S.C. §1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . .").

In his complaint in this case, the plaintiff said that he had been in the House of Corrections "for a retail theft since February 26, 2020." Dkt. No. 1 at

7

1. The publicly accessible docket indicates that a complaint was filed against the plaintiff on February 5, 2020 in Milwaukee County Circuit Court, charging him with retail theft. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov). The docket indicates that as of March 9, 2020, the plaintiff was in the Criminal Justice Facility. Id. It indicates that on March 10, 2020, the defendant was turned over to Justice Point for supervision. Id. The grievance the plaintiff attached to his request to proceed without prepaying the filing fee in Case No. 20-cv-851 indicated that he had been arrested again on May 20, 2020. Sometime between that date and August 11, 2020, the plaintiff was released from custody but has not provided the court with his new address. The public docket indicates that on August 18, 2020, the plaintiff appeared via video in state court; the judge scheduled his final pretrial conference for December 15, 2020 and his jury trial for January 20, 2021. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov).

If, at the time he filed this lawsuit, the plaintiff had been in custody only since February 26, 2020, he would not have been able to provide the court with a trust account statement covering the *six months* prior to April 2020; he would have been in custody for just over forty-five days. The plaintiff could have provided the court with a trust account statement for the end of February and all of March 2020. See Bowie v. Clark, No. 06C897, 2006 WL 2432021, at *2 (E.D. Wis. Aug. 21, 2006) (plaintiff who had been incarcerated two months prior to filing federal lawsuit filed trust account statement for those two

8

months). He never has done so, despite acknowledging that as of June 3, 2020, he had received the clerk's letter telling him he must. The court tried to give the plaintiff the opportunity to file the statement, issuing an order telling him that he must do so by August 21, 2020. That order was returned as undeliverable, and while it appears that the plaintiff is out of custody, he has not provided the court with his current address.

Because the plaintiff has not complied with the letter requiring him to file his trust account statement and has not kept the court updated as to his current address, the court will dismiss his case without prejudice. The state court docket reflects the name of the plaintiff's State Public Defender. The court will send a copy of this order to that attorney, with a request that the attorney forward the order to the plaintiff. Because the court is dismissing the case without prejudice, the plaintiff may either file a new case (the court is enclosing a copy of its form civil complaint for him to use if he chooses to go this route) or ask the court to reopen this case.

If the plaintiff files a new case (and assuming he is out of custody when he does so), he must either pay the $400 filing fee or file a motion asking to proceed without prepaying that filing fee (the court is attaching the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee form). If the plaintiff asks the court to reopen *this* case, he must provide the court with a copy of his trust account statement from the House of Corrections for February and March 2020.

9

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to file a certified trust account statement as required by 28 U.S.C. §1915(a)(2).

Dated in Milwaukee, Wisconsin this 24th day of August, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**