UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HOSKINS,

      Plaintiff,

v.              Case No. 20-cv-619-pp

HOUSE OF CORRECTION,

      Defendants.

---

**ORDER DENYING MOTIONS TO REOPEN CASE (DKT. NOS. 21, 24)**

---

Between June 2002 and August 2006, plaintiff James Hoskins filed seven cases in the Eastern District of Wisconsin. In at least two of those cases—<u>Hoskins v. Jenkins, *et al.*</u>, Case No. 06-cv-867 (E.D. Wis.) and <u>Hoskins v. TCF Bank</u>, Case No. 06-cv-868 (E.D. Wis.)—the plaintiff filed motions to proceed without prepaying the filing fee and provided the court with his prisoner trust account statements. The plaintiff is familiar with that process.

On April 16, 2020, while in custody at the Milwaukee County House of Correction, the plaintiff filed this lawsuit against that institution. Dkt. No. 1. (This was the first of five lawsuits the plaintiff would file in this district between April 2020 and August 2022.) He said he was filing a "motion for habes corpus" on several grounds, including violations of the Constitution and 42 U.S.C. §1983, the federal civil rights statute. <u>Id.</u> at 1. He asserted that the HOC was violating the Wisconsin governor's order requiring people to practice social distancing, placing him at risk from COVID-19; that the HOC was inaccurately

1

reporting the number of people in the facility who were infected; that he was being denied library, recreation and legal copies, as well as mental health and medical services; that he was charged for dental services he didn't receive; that the menu in the facility never changed and that the food often was spoiled; that the food in the canteen was overpriced; and that he was being forced to use a paper mask made in China and to wear the same one every day. Id. at 1-5. He sought immediate release from custody, to be "restored to proper medical and mental health," to have the HOC held accountable for its wrongs, to be protected from retaliation by HOC officers (who he claimed were reading his legal copies) and for money damages. Id. at 4-6.

The same day, the Clerk of Court sent the plaintiff a letter, explaining that he needed to file his form indicating whether he agreed to a magistrate judge deciding his case and that he needed to either pay a filing fee of $400[1] or file a request to proceed without prepaying the filing fee "together with a certified copy of your institutional trust account statement for the past six

---

[1] The plaintiff did not use an official court form to file his lawsuit. The court has one form for petitioners seeking a writ of *habeas corpus* (asking to be released from custody) and another for plaintiffs suing for civil rights violations (asking for money damages). The filing fees are different—the filing fee for a *habeas* petition is $5.00, while the filing fee for a civil rights claim for damages is $350 plus a $52 administrative fee. (The plaintiff filed his lawsuit prior to December 1, 2020; at that time the administrative fee was $50.) The plaintiff did not use either official form, and he asked for *both* forms of relief—immediate release under *habeas corpus* and damages under 42 U.S.C. §1983. The clerk's office assumed the plaintiff meant to file a damages claim under 42 U.S.C. §1983, so it informed him that he owed the fee for filing a civil rights case.

months."[2] Dkt. No. 2. The letter gave the plaintiff twenty-one days to either pay the filing fee or file the request. Id. Two weeks later, the court received from the plaintiff a Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee. Dkt. No. 4. The form indicated that the plaintiff had "very little funds" and that he would need housing once he was released, so he needed "all funds left in [his] jail account." Id. at 4. At the bottom of this form, the plaintiff wrote, "P.S. I've requested trust fund account from HOC as of date not received. J.H." Id. The same day, the court received the plaintiff's form indicating whether he agreed to the magistrate judge deciding his case. Dkt. No. 5.

By May 11, 2020, the clerk's office had not received the plaintiff's certified trust account statement, so it sent the plaintiff a second letter. Dkt. No. 6. On May 21, 2020, however, the second letter was returned to the Clerk of Court as undeliverable and unable to forward. Dkt. No. 7.

On June 3, 2020, the court received from the plaintiff a motion, indicating that he wanted to "join" to his "Title 42 Section 1983 federal law suit" several new claims against the House of Correction and individual defendants. Dkt. No. 8. The clerk's office docketed the filing as a motion to amend the complaint. The last page of the document indicated that the plaintiff had signed it on May 30, 2020. Id. at 6. The first page stated that the plaintiff still was in the House of Correction. Id. at 1. The same day, however, the court

---

[2] The trust account statement is required so that the court may calculate the amount of the initial partial filing fee required under the Prison Litigation Reform Act, 28 U.S.C. §1915(a)(1).

3

received a notice of change of address, indicating that the plaintiff was at the Milwaukee County Jail. Dkt. No. 9. Given this, on June 3, 2020, the clerk's office mailed to the plaintiff at the Milwaukee County Jail another copy of the second letter requesting the certified trust account statement.

On June 5, 2020, the court received a second complaint from the plaintiff, this time naming the Milwaukee County Jail as a defendant. <u>Hoskins v. Milwaukee County Jail</u>, Case No. 20-cv-851-pp. Again, the plaintiff did not send a filing fee or a motion to proceed without prepaying the filing fee, and did not provide the court with a trust account statement. On June 8, 2020, the clerk's office sent the plaintiff a letter giving him twenty-one days to file the trust account statement. <u>Id.</u> at Dkt. No. 2. On June 17, 2020, the court received from the plaintiff a Prisoner Request to Proceed In District Court Without Prepaying the Full Filing Fee. <u>Id.</u> at Dkt. No. 4.

The plaintiff attached some documents to this motion. One of those documents is an inmate grievance form for the Milwaukee County Jail dated Juen 1, 2020. <u>Id.</u> at Dkt. No. 4-1 at 1. In the grievance, the plaintiff asserted that he made a purchase from "Armark" at the House of Correction "date of purchase 5/7/20 Price $83.38," and complained that he had not received that purchase. <u>Id.</u> He also complaint that "HOC has not returned my funds from the canteen purchase that I never received." <u>Id.</u> He included a second grievance, also dated June 1, 2020, in which he asserted that he was released from the HOC on a bracelet on May 13, 2020, but that as he was driving himself to a

4

doctor's appointment on May 20, 2020, he was pulled over and taken into custody; he asked to have the bracelet restored. Id. at Dkt. No. 4-1 at 2.

On June 9, 2020, the court received a *third* complaint from the plaintiff. Hoskins v. Milwaukee County Jail, Case No. 20-cv-874 (E.D. Wis.) As with the two prior complaints, the plaintiff did not send a filing fee or a request to proceed without paying one, and did not provide a certified trust account statement. The clerk sent him the usual letter the same day. Id. at Dkt. No. 2.

Meanwhile, on June 15, 2020, the court received a document from the plaintiff in *this* case; he had dated the document June 9, 2020. Hoskins v. House of Correction, Case No. 20-cv-619 at Dkt. No. 11. The plaintiff said that at 3:58 a.m. on Tuesday, June 9, 2020, he'd received the May 11, 2020 second letter from the clerk's office telling him he needed to file his trust account statement (the letter the clerk had re-sent on June 3, 2020), and he asserted that the envelope had been opened and resealed with clear tape. Id. at 1. He claimed that his mail had been tampered with, and that officers of the Milwaukee County Jail were in league with officers at the House of Correction in a conspiracy to violate his rights. Id. at 1-2. He said he feared for his safety and begged the court to remove him from the jail. Id. at 3. He included with this motion a copy of a memo dated June 9, 2020; it appears to be a memo from the plaintiff to Inmate Accounts, asking that a certified copy of his trust account be sent to the court. Dkt. No. 11-1.

5

On June 18, 2020—two months after the plaintiff filed this lawsuit—the court received from him another Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee; he had dated this request June 15, 2020 and listed his place of incarceration as the Milwaukee County Jail. Dkt. No. 13. On the last page of *this* motion, the plaintiff stated that

> I hae worked all the days of my life. I am currently disabled. I lost my home last year 3035 N. 8th Milw. due to a fire I had no insurance. I currently live in a rooming house. Rent is due. I've been told to remove my belongings because I could not make last months rent due to incarceration.

Id. at 4.

On July 21, 2020, the clerk's office sent the plaintiff a second notice to file his trust account statement in Case No. 20-cv-851. Hoskins v. Milwaukee County Jail, Case No. 20-cv-851 at Dkt. No. 5. Two days later, the court received from the plaintiff a request for the status on Case Nos. 20-cv-619 and 20-cv-851. Id. at 6.

On July 27, 2020—over three months after the plaintiff filed this lawsuit, five months after the date he reported he went into custody at the HOC and a month and a half after he'd filed two additional lawsuits without providing his trust account statement—the court issued an order in this case, telling the plaintiff that if he did not provide the court with a copy of his trust account statement in time for the court to receive it by the end of the day on August 21, 2020 (or an explanation of why he had not done so), the court would dismiss his case for failure to comply with the court's order. Dkt. No. 4.

6

On August 4, 2020, the court received from the plaintiff a letter dated July 24, 2020 in Case No. 20-cv-851, stating that he was "in receipt" of the clerk's office's "request for trust fund account." <u>Hoskins v. Milwaukee County Jail</u>, Case No. 20-cv-851 at Dkt. No. 7. He claimed to have received the clerk's office's notice on July 23, 2020 and said "[t]his is the first notice I received." <u>Id.</u> He indicated that he had enclosed the "latest said copy"—presumably of his trust account statement. <u>Id.</u> No trust account statement was enclosed.

On August 11, 2020, the court's July 27, 2020 order to show cause was returned to the court with a statement that the plaintiff was no longer in the Milwaukee County Jail. By that time—four months into the case—the court had not received a trust account statement from the plaintiff. The plaintiff did not provide the court with an updated address.

On August 24, 2020, the court dismissed the case. Dkt. No. 18. It observed that the plaintiff knew about the trust account requirement, given the cases he'd filed in 2006. <u>Id.</u> at 7. It noted that the plaintiff claimed to have been at the House of Corrections since February 26, 2020; the court observed that while in April 2020 the plaintiff could not have provided a trust account for the six months preceding the date he filed the complaint (because he had not been in custody for six months at that point), he could have filed a trust account for the time he *had* been in custody—the end of February and the month of March 2020. <u>Id.</u> at 8. The court noted that it had tried to give the plaintiff an opportunity to file that trust account statement, but that its order had been

7

returned as undeliverable and the plaintiff had not provided the court with a forwarding address. Id. at 9. The court stated that it would send the order of dismissal to the plaintiff's State Public Defender with a request that that lawyer forward the order to the plaintiff. Id. It told the plaintiff that he could either file a new case or ask the court to reopen this one, but advised him that if he asked the court to reopen this case, he needed to file a copy of the trust account statement from the House of Corrections for February and March 2020. Id.

On August 28, 2020—four days after the court issued this order—it received from the plaintiff a notice of change of address. Dkt. No. 20. The notice was dated August 26, 2020 and referenced Case Nos. 20-cv-851, 20-cv-619 (which the plaintiff noted was "closed") and 20-cv-874. Id. The plaintiff provided an address on North 11th Street and asked the court to send all correspondence to that address. Id. Notably, he appeared to be aware that the court had dismissed this case but did *not* ask the court to reopen it.

Eighteen months passed, during which the court heard nothing from the plaintiff. Then, on February 16, 2022, the court received from the plaintiff a motion to reopen the case. Dkt. No. 21. (The caption of the motion also referenced one of his cases against the Milwaukee County Jail, Case No. 20-cv-874. Id.) The plaintiff dated the motion February 11, 2022. Id. The motion indicated that "throughout this process," the plaintiff always had asked for the six-month trust account, but that it never had been "render" to him from

8

inmate trust accounts. Id. The plaintiff stated that in his "last document," he had said that he sent notice to the clerk of court of his change of address to an address on West Burleigh in Milwaukee;[3] he asserted that he never got any response and did not get a notification from his "Public Defendant." Id. The plaintiff said that he would ask inmate accounts "for April 16, 2020-October 16, as well as the most current trust account," indicating that "on this day of 2/11/2022 I am asking this information to be mailed to me via kisoc for inmates." Id.

The following day—February 17, 2022—the court received from the plaintiff a copy of a House of Correction "request for interview" dated February 11, 2022, in which the plaintiff asked for his trust account statement from April 16, 2020 to October 16, 2020 and requested that it be sent to this court. Dkt. No. 22 at 1. Someone wrote at the bottom of the request, "You weren't in custody in October see print-out." Id. Following this document is a two-and-a-half-page print-out titled "Inmate Balance History Report." Id. at 2-5. It shows the plaintiff's House of Corrections account from February 28, 2020 to June 12, 2020 (id. at 2-3) and his Criminal Justice Facility account from February 26, 2020 through July 28, 2020 (id. at 4). The print-out shows that between February 26, 2020 and April 16, 2020 (when the plaintiff filed this lawsuit), he

---

[3] The court cannot find a change-of-address notice in this case that mentions an address on West Burleigh.

received $550 in deposits at the House of Corrections, including a $300 deposit on the day he filed the complaint. Id.

The plaintiff also filed an affidavit in support of his February 2022 motion to reopen. Dkt. No. 23. The affidavit listed the three cases the plaintiff had filed in 2020—this one, 20-cv-874 and 20-cv-851. Id. at 1. The affidavit stated that the plaintiff had been "confined" for the past several weeks and had asked the House of Correction staff to give him his six-month trust account. Id. at 2. The affidavit indicated that the plaintiff twice had requested the trust account statement—once on February 1, 2022 and a second time on February 11, 2022. Id. The plaintiff averred that he had "attempted several times to comply with the court orders and requirements," and said that on February 14, 2022, he made another request for an interview or a visit to the law library. Id. He stated that the House of Corrections employees had not responded. Id.

The court missed the fact that the plaintiff had filed these documents in February 2022—in part because the case had been closed for a year and a half. On April 6, 2022, the plaintiff filed a second motion to reopen. Dkt. No. 24. This motion asked to reopen "20C58, 20C619, 20C874." Id. at 1. It was dated April 2, 2022 and said only, "Again Hoskins moves the Honorable Court to reopen the above cases in accord with his request on 1-30-22." Id.

Finally, on June 8, 2022, the court received a third request from the plaintiff. Dkt. No. 25. This one is dated June 4, 2022. Id. at 1. It is titled "Fourth Request to Reopen the Above Cases." Id. It lists 20CV619, 20CV851

and 20CV874. Id. The return address shows that the plaintiff is at 8885 S. 68th Street in Franklin, Wisconsin—the Milwaukee County House of Correction. Id. at 2.

Because the court dismissed the case and entered judgment two years ago (and eighteen months before the plaintiff filed his February 16, 2022 first motion to reopen), the plaintiff is asking the court for relief from that judgment. There are two rules that allow a court to grant a party relief from judgment: Federal Rules of Civil Procedure 59 and 60. Fed. R. Civ. P. 59(e) allows the court to alter or amend a judgment if a party files a motion within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for any of six specified reasons; if the party asks for relief based on one of the first three reasons (mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or fraud, misrepresentation, or misconduct by an opposing party), the party must file the motion within a year of the date the court entered judgment. Rule 60(c)(1). For any of the other reasons, the party must file the motion within a "reasonable time" after entry of judgment.

The plaintiff filed his motions well after the twenty-eight-day deadline in Rule 59(e), so that rule does not apply. Even if it did, the plaintiff has not presented any newly-discovered evidence, so he would be entitled to relief only if he could demonstrate that the court's dismissal of his case in August 2020

11

constituted a manifest error of law, which "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The plaintiff has presented no evidence or argument that the court made a manifest error of law when it dismissed the case in August 2020. The court will deny the plaintiff's motions to the extent that he seeks to alter or amend the judgment under Rule 59(e).

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

>   (1)   mistake, inadvertence, surprise, or excusable neglect;
>   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3)   fraud . . . , misrepresentation, or misconduct by an opposing party;
>   (4)   the judgment is void;
>   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6)   any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). But the plaintiff has not demonstrated that the court made a mistake. At best, he implies that the court's dismissal of his case resulted from his "excusable neglect;" the plaintiff asserts that throughout the case, he tried to get the trust account statement and was unable to do so. He has not provided proof of that fact other than his own affidavit. The plaintiff has not identified newly-discovered evidence or

12

argued that the court dismissed his case as the result of a fraud or argued that the judgment is void or has been satisfied.

That leaves Rule 60(b)(6), which allows a court to grant relief from judgment for "any other reason that justifies relief." The plaintiff *has* now provided a trust account statement from February 28, 2020, through June 12, 2020. But this trust account statement is not certified, so it does not satisfy the statutory requirements. See 28 U.S.C. §1915(a)(2) (requiring a "certified copy of the trust fund account statement (or institutional equivalent))." See also, Dkt. No. 2 (April 16, 2020 letter from the clerk's office advising the plaintiff that he must submit his "certified trust account statement"); Dkt. No. 6 (May 11, 2020 letter from the clerk's office advising the plaintiff that he must submit his "certified institutional trust account statement" within twenty-one days). Two years after the court dismissed the case for failure to provide a certified trust account statement, the plaintiff still has not provided one. The court will not grant relief from judgment under Rule 60(b).

The court dismissed the plaintiff's case without prejudice, which means that the plaintiff is free to refile the case. This would allow the plaintiff to provide a more current trust account statement that would enable the court to calculate an initial partial filing fee based on his actual financial circumstances instead of his financial circumstances from two and a half years ago. The plaintiff should be aware that there are statutes of limitation that bar a person from filing a lawsuit after a certain amount of time has passed; if he chooses to

13

file a new lawsuit, he may wish to act quickly. The court also notes that in his 2020 cases, he frequently filed a single document and put all three case numbers on it. Other times, he filed a document with only two case numbers on it and still other times he filed a document that showed only one case number. This practice has been the source of much confusion in his cases. The court understands that filing separate documents is time-consuming and can be expensive. But if the plaintiff has more than one case open and wants to seek the same relief in each of the cases, he must file a *separate* document in each case. He should put one case number only on each of the separate documents, rather than filing a single document that lists multiple case numbers.

The court **ORDERS** that the plaintiff's motions to reopen the case are **DENIED**. Dkt. Nos. 21, 24.

Dated in Milwaukee, Wisconsin this 29th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**